ORIGINAL

# In the United States Court of Federal Claims

No. 13-938C
(Filed: March 20, 2014)
(Not for Publication)

FILED

MAR 20 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                  *
DAVID MALONE,                                     *
                                                  *
                Plaintiff,                        *
                                                  *
        v.                                        *
                                                  *
THE UNITED STATES,                                *
                                                  *
                Defendant.                        *
                                                  *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss Plaintiff pro se's complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, the Court dismisses the complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1).

### Background

On November 25, 2013, Plaintiff pro se, David Malone, filed a complaint against various federal officials and entities, including the Attorney General of the United States. Plaintiff appears to allege that the listed public officials breached a contract. On October 14, 2013, Plaintiff allegedly sent documents labeled as "Assigned Affidavit," "Fee Simple Deed / Covenant," and "Power of Attorney," respectively, to the federal officials. Compl. 3. In particular, Plaintiff claims in his "Affidavit" that, from May 5, 1969 to October 5, 2013, he was unable to appreciate the wrongfulness of his own actions and "that any and all contracts, charges or bonds entered into" by Plaintiff are now null and void. Id. at 11. The "Affidavit" told recipients to respond within three days of receipt and that "[d]ishonor may result if you fail to

respond." Id. Plaintiff allegedly reminded the Defendants of the documents in a "NOTICE OF PROTEST," sent on November 7, 2013. Id. at 8, 15.

Plaintiff alleges that the federal officials' failure to reply to the "Affidavit" constituted their acceptance of statements contained within it. Id. at 3. Plaintiff posits that by accepting that he could not appreciate the wrongfulness of his past actions, the federal officials incurred a contractual obligation to release Plaintiff from prison immediately. Id. at 3, 5-6. Plaintiff seeks $10 million dollars for "initial HARM CAUSED BECAUSE OF INCOMPETENCE" plus $7 million dollars for every day since October 17, 2013, the date the named federal officials and entities allegedly became aware of Plaintiff's unlawful incarceration. Id. at 6. Additionally, Plaintiff requests his immediate release from prison. Id.

## Discussion

When deciding a motion to dismiss under RCFC 12(b)(1), the Court of Federal Claims assumes that all of plaintiff's factual allegations are true and draws "all reasonable inferences in plaintiff's favor." Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Goel v. United States, 62 Fed. Cl. 804, 806 (2004). A plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007). If subject-matter jurisdiction cannot be established, the Court must dismiss plaintiff's complaint. RCFC 12(h)(3); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Court holds a pro se plaintiff's pleadings to a less stringent standard than litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The Federal Circuit has cautioned that it "does not expect a pro se litigant to be made to jump through a confusing array of procedural hoops." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992). Pro se plaintiffs, however, must still satisfy the Court's jurisdictional requirements. Minehan v. United States, 75 Fed. Cl. 249, 253 (2007).

The Tucker Act confers jurisdiction on this Court to decide "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act alone, however, does not provide an enforceable right to bring suit against the United States. Ferreiro v. United States, 501 F.3d 1349, 1351 (Fed. Cir. 2007). A plaintiff must establish an independent right to money damages based upon a money-mandating source of law. Id. at 1351-52. "To maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government and entitle the plaintiff to money damages in the event of the government's breach of that contract." Ransom v. United States, 900 F.2d 242, 244 (Fed. Cir. 1990).

This Court lacks subject-matter jurisdiction over this matter because plaintiff's submission of unsolicited documents to a number of federal officials and entities plainly does not create a contract. The following elements must be present to form a government contract: "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance,

and (4) authority on the part of the government agent entering the contract." Suess v. United States, 535 F.3d 1348, 1359 (Fed. Cir. 2008). "Insubstantial allegations as to the existence of a money-mandating contract will warrant dismissal for lack of subject matter jurisdiction." Tp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 110 (2012) (citing Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343-44 (Fed. Cir. 2008)). The government agents' failure to respond to an unrequested affidavit does not constitute acceptance of the language contained in the document. See Radioptics, Inc. v. United States, 223 Ct. Cl. 594, 609 (1980) ("Silence may not be construed as an acceptance of an offer in the absence of special circumstances existing prior to the submission of the offer which would reasonably lead the offeror to conclude otherwise.").

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is directed to dismiss this action without prejudice for lack of jurisdiction.

_____
MARY ELLEN COSTER WILLIAMS
Judge